# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL DOCKET |
| VERSUS | NO: 19-20 |
| WAYNE TRICHE | SECTION: T |

## ORDER

Before the Court is a Motion to Dismiss Counts 1-34 of the Indictment for Failure to State an Offense[1] filed by Wayne Triche ("Defendant"). The government has filed an opposition.[2] Having considered the motion, the memorandum in support, the memorandum in opposition, the record, and the applicable law, the Court will deny the motion.

## BACKGROUND

On February 14, 2019, a grand jury indictment was filed charging Defendant with 34 counts of wire fraud and 4 counts of filing false tax returns.[3] The indictment alleges that the New Orleans Firefighters Pension and Relief Fund ("NOFPRF") signed a promissory note with American Pension Consultants, LLC ("APC") for $5,000,000 in 2003.[4] APC allegedly used the funds to purchase life insurance policies on behalf of NOFPRF as an investment strategy.[5] In 2007,

---

[1] R. Doc. 32.
[2] R. Doc. 34.
[3] R. Doc. 1.
[4] R. Doc. 1, pp.2-3.
[5] R. Doc. 1, pp.2-3.

the owner of APC, George Russell, died.[6] Defendant was named as the executor for George Russell's estate, and took over APC and the investments of NOFPRF.[7]

APC allegedly received life insurance benefits in excess of $6,000,000 on behalf of NOFPRF.[8] However, Defendant allegedly embezzled most of the benefits received by APC instead of returning the profits to NOFPRF by writing checks, withdrawing cash, and initiating bank transfers from APC bank accounts to bank accounts controlled by Defendant.[9] The indictment alleges Defendant stole approximately $2,074,668.43 of the NOFPRF money and used it for personal expenses such as the payment of a civil judgement, gambling, home improvements, credit card payments, and living expenses.[10]

Defendant has filed a motion seeking dismissal of counts 1 through 34 of the indictment for failure to state an offense,[11] which is opposed by the government.[12]

## LAW AND ANALYSIS

Federal Rule of Criminal Procedure 12(b)(3)(B) allows a defendant to move to dismiss an indictment for failure to charge an offense. Rule 7(c) requires a "plain, concise and definite written statement of the essential facts constituting the offense charged." An indictment setting forth the offense in the words of the statute itself is generally sufficient, provided that the statue sets forth the essential elements of the offense.[13] The government is not required to prove its case in the indictment, but simply to set forth the elements of the offense, fairly inform defendants of the

---

[6] R. Doc. 1, p.3.
[7] R. Doc. 1, p.3.
[8] R. Doc. 1, p.3.
[9] R. Doc. 1, p.3.
[10] R. Doc. 1, pp.4-5.
[11] R. Doc. 32.
[12] R. Doc. 34.
[13] *United States v. Gordon*, 780 F.2d 1165, 1169 (5th Cir.1986).

charges, and ensure no risk of future prosecution for the same offense.[14] On a motion to dismiss an indictment, the Court must take the indictment's allegations as true.[15]

The wire fraud statute provides that "whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations or promises" uses the wires is guilty of wire fraud.[16] "To prove wire fraud under 18 U.S.C. § 1343, the government must prove: (1) a scheme to defraud and (2) the use of, or causing the use of, wire communications in furtherance of the scheme."[17] Defendant contends the indictment is deficient because the alleged wire fraud scheme did not involve taking any "property." [18] Specifically, Defendant asserts that because the promissory note had prescribed,[19] NOFPRF had no property rights in the proceeds from the promissory note.[20]

Taking the allegations as true, the Court finds the indictment sufficiently charges Defendant with 34 counts of wire fraud as required by Rule 7(c). The indictment alleges Defendant took the NOFPRF money using 34 separate transactions between December 2013 and January 2016. The indictment contends the Defendant used the money, totaling approximately $2,074,668.43, for personal reasons, including the payment of a civil judgement, gambling, home improvements, credit card payments, and living expenses.[21] The indictment further alleges the funds taken belonged to NOFPRF and that Defendant did not have authority to transfer the funds to his personal accounts.[22] These allegations support that Defendant devised a scheme to obtain

---

[14] *United States v. Cavalier,* 17 F.3d 90, 92 (5th Cir.1994).
[15] *See United States v. Kay,* 359 F.3d 738, 742 (5th Cir.2004) (*quoting United States v. Hogue*, 132 F.3d 1087, 1089 (5th Cir.1998)).
[16] *United States v. Hoeffner,* 626 F.3d 857, 863 (5th Cir.2010) (*citing* 18 U.S.C. § 1343).
[17] *United States v. Dowl,* 619 F.3d 494, 499 (5th Cir.2010) (*quotation omitted*).
[18] R. Doc. 32-1, pp.12-14.
[19] R. Doc. 32-1, p.5.
[20] R. Doc. 32-1, pp.12-14.
[21] R. Doc. 1, pp.4-5.
[22] R. Doc. 1, pp.4-5.

money and property by means of false or fraudulent pretenses, representations, or promises in violation of the wire fraud statute.[23] Therefore, the Court finds the indictment sufficiently charges the Defendant with 34 counts of wire fraud.

## **CONCLUSION**

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the Motion to Dismiss is **DENIED.**

**New Orleans, Louisiana**, on this 9th day of March, 2020.

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[23] *See* 18 U.S.C. § 1343.